UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GISELLE CARRILLO CORRAL,<br><br>　　　　Defendant. | 1:23-cr-00014-ADA-BAM<br><br>ORDER DENYING DEFENDANT'S MOTION TO REVOKE ORDER OF DETENTION<br><br>(ECF No. 54) |

Before this Court is Defendant Giselle Carrillo Corral's motion to revoke the Magistrate Judge's Order of Detention. (ECF No. 54.) The Court held a hearing on the motion on June 12, 2023. Attorney Griffin Estes appeared on behalf of the Defendant. Assistant U.S. Attorney Stephanie Stokman appeared for the Government. Pretrial Services Officer Anthony Perez also appeared. Having considered the parties' briefings and arguments at trial, and for the reasons stated below, the Court denies Defendant's motion.

**I.　　Factual and Procedural Background**

On January 26, 2023, Defendant Giselle Carrillo Corral ("Defendant") was charged by indictment with one count of violation under 21 U.S.C. §§ 846, 841(a)(1), Conspiracy to Distribute and to Possess with Intent to Distribute Fentanyl, and one count of violation under 21 U.S.C. § 841(a)(1), Distribution of Fentanyl. (ECF No. 28.) The indictment alleges that Defendant was involved with two other defendants in the distribution and possession with the

intent to distribute fentanyl.  (*Id.*)  On January 31, 2023, Defendant was arrested and ordered detained in the Southern District of California.  (ECF No. 31 at 11-13.)  Defendant was then transported to the Eastern District of California.  (*Id.* at 4.)  On February 7, 2023, Defendant appeared before United States Magistrate Judge Stanley A. Boone for arraignment in the Eastern District where Defendant has remained detained.

On April 19, 2023, Defendant filed a motion for bail review and appeared before United States Magistrate Judge Barbara A. McAuliffe.  (ECF No. 47.)  The Magistrate Judge denied Defendant's motion.  (ECF No. 52.)  At the hearing, the Government supported Defendant's detention arguing that the proposed additional conditions do not reasonably assure the safety of the community and Defendant's appearance in court.  (ECF No. 50.)  Pretrial Services recommended that Defendant remain detained as she posed a risk of non-appearance.

On May 24, 2023, Defendant filed the instant Motion to Revoke the Magistrate Judge's Order of Detention.  (ECF No. 54.)  The Government filed its opposition on May 26, 2023.  (ECF No. 55.)  Defendant did not file a reply, and the time to do so has passed.  Given Defendant's strong ties to Mexico and lack of suitable bond package, Pretrial Services posits that no condition, or combinations thereof, can be fashioned to reasonably assure Defendant's appearance at future court proceedings.  Pretrial Services, therefore, recommends that Defendant remain detained.

**II.     Discussion**

**A. Standard of Review**

A defendant may file a motion to revoke a Magistrate Judge's order of detention or to amend the conditions of release issued by a Magistrate Judge with the court of original jurisdiction (in this case, the District Court), and that motion "shall be determined promptly."  18 U.S.C. § 3145(b) and 18 U.S.C. § 3145(a)(2).  The Court "may at any time amend the order to impose additional or different conditions of release."  18 U.S.C. § 3142(c)(3).  Review of such order shall be *de novo*.  *United States v. Koenig*, 912 F.2d 1190, 1191 (9th Cir. 1990).  A district court's *de novo* review in this context means:

///

> [i]t should review the evidence before the magistrate and make its own independent determination of whether the magistrate's findings are correct, with no deference . . . . [t]he point is that the district court is to make its own "de novo" determination of facts, whether different from or an adoption of the findings of the magistrate . . . the ultimate determination of the propriety of detention is also to be decided without deference to the magistrate's ultimate conclusion.

*Id*. at 1193.

When a court "finds that no condition or combination of conditions will reasonably assure [ ] the safety of any other person and the community," it must order the defendant detained before trial. 18 U.S.C. § 3142(e)(1). "In our society[,] liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *U.S. v. Salerno*, 481 U.S. 739, 755 (1987). Still, there is a rebuttable presumption against release if the Court finds, for example, the defendant was convicted of a state offense involving possession or use of a firearm that would have qualified as a federal crime had jurisdiction existed. 18 U.S.C. §§ 3142(e)(2)(A), 3142(f)(1)(E). However, "the government may not rest solely on the rebuttable presumption to support its motion to detain a defendant pending trial." *United States v. Moore*, 607 F. Supp. 489, 498 (N.D. Cal. 1985). While the defendant has the burden of production of information tending to show he will not pose a danger to the community or a flight risk, the government retains the burden of persuasion. *U.S. v. Clark*, 791 F. Supp. 259, 260 (E.D. Cal 1992); *Moore*, 607 F. Supp. at 499; *see also U.S. v. Hurtado*, 779 F.2d 1467 (11th Cir. 1985), *rehearing denied* 788 F.2d 1570; *United States v. Jessup*, 757 F.2d 378, 384 (1st Cir. 1985), *abrogated on other grounds by United States v. O'Brien*, 895 F.2d 810 (1st Cir. 1990); *U.S. v. Matir,* 782 F.2d 1141 (2nd Cir. 1986). "Defendant must produce only 'some evidence' that he is not a flight risk and does not pose a danger to the community in order to rebut the presumption." *U.S. v. Clark*, 791 F. Supp. 259, 260 (E.D. Cal 1992) (quoting *U.S. v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)).

In addition, a defendant's release is not unqualified – the court may impose conditions of release that are the least restrictive necessary to ensure public safety and the defendant's

appearance. 18 U.S.C. § 3142(c)(1)(B). Title 18 U.S.C. § 3142(g) identifies the various factors a court considers in determining whether conditions of release can be fashioned to reasonably assure the appearance of the person and the safety of others and the community. Specifically, the court must account for available information concerning the nature and circumstances of the offense charged, the weight of the evidence against the person, the history and characteristics of the person, and the nature and seriousness of the danger to any person in the community that would be posed by the person's release. 18 U.S.C. § 3142(g). The history and characteristics of the person comprise the following attributes: character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, record concerning appearance at court proceedings, probation or parole status, and status of any pending criminal charge, sentencing or appeal. 18 U.S.C. § 3142(g). The weight of the evidence against the person is the least important of factors, though still relevant. *United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985).

**B. The 3142(g) factors support Defendant's detention.**

Defendant asks that this Court to revoke Defendant's Order of Detention and order that Defendant be released into the custody of a third-party custodian and on a condition that she post bond. (ECF No. 54 at 7.) Defendant's offense presents the rebuttable presumption that no condition, or combination thereof, will reasonably assure Defendant's appearance in Court nor the community's safety. *See* 18 U.S.C. § 3142(e)(3)(A). The Court considers the 18 U.S.C. § 3142(g) factors and finds that no conditions of release can be fashioned to reasonably assure the appearance of Defendant. In addition, the Court finds that the Government has met its burden of persuasion to show by a preponderance of evidence that Defendant is a flight risk, and by clear and convincing evidence that Defendant is a danger to the community.

First, the Court considers the nature and circumstances of the charged offenses. Defendant concedes that they are serious. (ECF No. 54 at 3, 6.) Other courts have found charges of drug trafficking to indicate that the alleged offender is a danger to the community. *See e.g.*, *United States v. Leon*, 766 F.2d 77, 81 (2d Cir. 1985) ("[I]t is clear that the harm to society

caused by narcotics trafficking is encompassed by Congress' definition of 'danger.'"); *United States v. Strong*, 775 F.2d 504, 506 (3d Cir. 1985) ("The statutory language, as well as the legislative history, unequivocally establishes that Congress intended to equate traffic in drugs with a danger to the community"); *United States v. Boorman*, 130 F. Supp. 2d 394, 400 (W.D.N.Y. 2001) (finding that where it appears that a substantial part of defendant's livelihood was dependent on drug trafficking, it was likely that "defendant would return to drug trafficking if released"); *United States v. Trammel*, 922 F. Supp. 527, 532 (N.D. Okla. 1995) (stating that defendant's ties to the community were not sufficient to overcome the danger that defendant presents to the community in light of "strong evidence" that defendant recently engaged in serious drug trafficking offense and threatened confidential informant). Because Defendant was indicted with drug trafficking charges, the Court finds that she is a danger to the community. Hence, this factor counsels against release.

The Court next considers the weight of the evidence against Defendant. The allegations against Defendant demonstrate that she was a co-conspirator with one of the defendants and has delivered large quantities of narcotics to the other defendant for the purpose of distributing them. (ECF No. 1 at ¶ 8.) On one occasion, Defendant sold 10,091 fentanyl pills, which weighed a total of 1086.0 grams, for $6,600. (*Id.* at ¶ 11.) This is evidence that Defendant possessed a lot of controlled substances. On the other hand, Defendant explains that she was not the organizer or the decisionmaker of the drug trafficking conspiracy, meaning she played a minor role. (ECF No. 54 at 3.) Defendant further notes that she was not armed. (*Id.*) Even though Defendant was not the leader of the drug trafficking enterprise, this factor supports Defendant's detention due to the large number of controlled substances involved and her actions to further the conspiracy.

Next, the Court considers the Defendant's history and characteristics. Defendant is a twenty-six-year-old who immigrated to the United States from Mexico around 2020. (ECF No. 54 at 3.) Defendant has spent a substantial amount of time in Mexico, especially during her childhood, but Defendant explains that she is committed to transfer her life to the United States. (*Id.* at 6.) Defendant has her own apartment and has worked in the housekeeping and fruit packing industries. (*Id.*) She also has some family members here, including her uncle and her

father's ex-wife, Bianca Negrete. (*Id.*) Ms. Negrete is able and willing to serve as Defendant's third-party custodian. (*Id.*) Despite this, it appears that she still has stronger familial ties to Mexico where her father and three brothers reside and whom she visits frequently. (*Id.*) It is also of import that Defendant had to be arrested on the warrant issued in this case. (*Id.*) Overall, the Court finds that given that her father and siblings reside in Mexico and that she spent most of her life there, Defendant poses a flight risk. In addition, her lack of strong family ties and significant employment history support in the United States also support the Court's finding that Defendant is a flight risk.

Lastly, the Court considers Defendant's criminal history. Defendant lacks a criminal history. (ECF No. 54 at 3.) Hence, this factor supports release.

Considering the above analysis, the Court finds that Defendant has failed to rebut the presumption against release and that the 18 U.S.C. § 3142(g) factors support Defendant's detention. The United States and Pretrial Services agree that the additional conditions of a third-party custodian and a posted bond will not reasonably assure Defendant's appearance in Court as required. (*See* ECF No. 55 at 1-2.) Therefore, the Court denies Defendant's motion to revoke the Magistrate Judge's order of detention.

### III.  Conclusion

Accordingly,

1. Defendant's Motion to Revoke the Magistrate Judge's Order of Detention, (ECF No. 54), is denied.

IT IS SO ORDERED.

Dated:   June 12, 2023

UNITED STATES DISTRICT JUDGE